Smith, J.
The action of the plaintiffs is of this nature: The petition sets out the recovery of a judgment by the plaintiffs in the Superior Court, against the firm of Weatherby, Stevens & Co., of which the defendant Stevens was a member, for *206 $7,016.74,on May 7, 1889; that all of the judgment debtors are insolvent; that W. A. Stevens has an interest in two lots in Norwood, which his wife, the defendant, Mrs. Stevens, holds in trust for him; that said lots were purchased from Mrs. Dicks, then the owner of them,May 22, 1888; that part ■of the purchase price was paid in cash by Stevens, but the title to the same was taken in his wife’s name,in fraud of his ■creditors; that he paid part of the deferred payments thereon with his own money when he was totally insolvent, and on which plaintiff’s judgment and claim against him was a valid one; that said Anna Stevens has property and credits nndor her control belonging to said W. A. Stevens, the amount of which the plaintiffs do not know; that they caused an execution on said judgment to be levied on said real estate. They therefore pray for the appointment of a Receiver to take charge of all of said property, and to sell the same, and to apply the proceeds towards the payment of their claim.
The answer of Mrs. Stevens denies that she holds the lots in trust for W. A. Stevens, or that she has any property or credits of his under her control, and then pleads that plaintiffs are barred from maintaining this action against her for the reason that heretofore another creditor of Weatherby, Stevens & Co. had commenced a like action against her, prosecuted by the counsel who bring this suit, based on the same grounds and that in such action a decree had been entered by the court finding that she was liable for $350 on account thereof, and dismissing the defendant as to the residue of the claim, and that thereupon she paid the amount awarded, with her costs of said case. The plaintiffs did by their reply deny that this was a bar, or that the decree in the former case would prevent their recovery in this.
The evidence produced to us on the hearing of the case was of the most indefinite and unsatisfactory character as to the payment of the purchase money of the lots conveyed to *207 Mrs. Stevens, or of any definite portion thereof, by said W. A. Stevens, the judgment debtor. It is clear to us that of the $3,400, the purchase price of the lots, the cash payment of $1,050 was paid with the money of Mrs. Stevens, with which her husband had nothing to do. At the time of "the conveyance of the lots to Mrs. Stevens by the former •owner, there was a mortgage of $2,350 thereon, which she •assumed and promised to pay. Stevens testified that he paid nearly all of this mortgage that was paid, but it is evident from what he says that a great part of it was paid with money which his wife had received from the collection of accounts transferred to her by the old firm of Weatherby, Stephens & Co., and to which money he had no valid claim, but to which he asserts some claim, without showing what it was. He does, however, say and show that one of the notes for the deferred payments of $50 was paid by services rendered by him to the holder thereof, and he says he paid other sums on the notes from his own private means, but he is not able to specify any other sum or sums paid by him thereon. If, while he was insolvent, he, with the knowledge of the wife of that fact, paid money for land bought for, or held by the wife, the law would fasten a trust upon the land in favor of a creditor for the amount. But here, by the testimony of the husband, now adverse to the wife, it is only shown with any certainty, that he paid the $50 thereon. We think, from what he says, that it is highly probable that the other payments made were with the money of the wife.
The strongest evidence against Mrs. Stevens, who was not examined as a witness, is contained in what is called the agreed statement. It appears in this shape substantially:
“Admissions by Anna F. Stevens as to amounts given to her by defendant, Will A. Stevens, and made by her in the hearing of case No. 90,314, Halzmaister v. Weatherby et al: After failure (assignment) of Weatherby, Stevens & *208 Co., and prior to June 26, 1890, $1,700; from August, 1886, to date of assignment, January 4, 1887, $480; commission owing by Anna F. Stevens, and paid by Will A. Stevens, $50; total $2,230.
“We agree that the above admissions be admitted as the testimony of Anna F. Stevens to be used in behalf of plaintiffs in this cause.
“It is agreed that Will A. Stevens was insolvent on¡ . August 18, 1886 and insolvent when the above payments were made by him.
It is also agreed that Anna F.Stevens recovered her board, clothing and living expenses from Will A. Stevens, her husband, in addition to the payments named above.”
From this it appears that Mrs. Stevens on a former trial admitted that her husband had given to her $1,700 after the assignment made by Weatherby, Stevens & Co., January 4, 1887, and before June 26, 1890, and that he also furnished her living expenses. As to $480 received by her, before the assignment, if that was a claim against her,it has; to be asserted by the assignee for the benefit of creditors, and not by plaintiffs.
The fact that the wife, after the failure and assignment, received $1,700 from her husband while he was insolvent, does raise a suspicion that the payment was not right or just to the creditors. But there is not a syllable of evidence as to the circumstances under which it was paid, or what be-, came of it. For all that appears it may have been expended by her for him or for the education and maintenance of their children, if they had any, or appropriated in some other way for his benefit. It may have been received by her without any suspicion or.knowledge of his financial condition. As to all of these matters there is no evidence before us. Certainly no part of it is traced into this land, or to' any land or personal property held by her. We cannot say, then, on the evidence, that even $350 was traced into the *209 land, as was found by the trial judgment in the other case on probably much more definite evidence.
D. D. Woodmansee, for Plaintiff.
■ Follett & Kelley, for Defendant Anna F. Stevens.
It is therefore necessary for us (as Mrs. Stevens paid the $350 back), to decide whether the decree in the first case was a bar to a recovery in this. We incline to the opinion that both were in the nature of creditor's bills, under section 5464, Revised Statutes, and not under section 6344. If one proceeding and judgment under the latter section would bar a subsequent proceeding by another creditor, which may be doubted, we think it is not the case under section 5464. But this question we do not decide, but feel constrained to dismiss the petition of plaintiffs on the ground of failure of proof.